[Civ. No. 5216.  First Appellate District, Division One.—August 18, 1927.]

ALPHA G. ANDREWS, Respondent, v. ALBERT C. RUSSELL, Defendant; KERN–TORRANCE PETROLEUM CORPORATION, Appellant.

Fred W. Heath for Appellant.

Claflin & Lambert for Respondent.

CAMPBELL, J., *pro tem.*—The respondent brought an action to quiet his title against defendant Albert C. Russell and defendant and appellant Kern-Torrance Petroleum Corporation in and to the land and premises described in the complaint. The defendant Albert C. Russell failed to appear and answer the complaint within the time allowed and his default was regularly entered. The appellant Kern-Torrance Petroleum Corporation answered and set up its right to the possession of the property under and by virtue of a lease which had been executed and delivered by respondent to defendant Albert C. Russell and by him assigned to appellant, and set forth that it claimed no interest in or to the premises except under a lease executed by respondent.

The court found that the plaintiff was at the time of the commencement of the action, and prior to January 10, 1923, the owner in fee simple of the real property described in the complaint; that the defendant Kern-Torrance Petroleum Corporation, claims and asserts an interest in said land adverse to plaintiff by reason of a lease entered into between plaintiff and Albert C. Russell on January 10, 1923, and thereafter assigned to the defendant, Kern-Torrance Petroleum Corporation; that said lease contained a provision that the lessee was to commence actual drilling and continue diligently until the completion of a well on the described land, sixty days from this date (date of lease), which said lease was dated January 10, 1923, and was recorded in the office of the county recorder of Kern County, and also contained a provision that the lessee would drill on the described land continuously to a depth of 3,000 feet or more before completion, unless oil was found in commercial quantities before that depth. Said lease also contained a provision that upon the failure of the lessee to comply fully and fairly with each of the condi-

tions of the lease, that all the rights under the lease would terminate and be forfeited. That said lessee did not, nor did his assignee, Kern-Torrance Petroleum Corporation, in good faith commence actual drilling and continue diligently, or drill continuously, and that said lessee and his assignee, Kern-Torrance Petroleum Corporation, have failed to fully or fairly comply with each of the conditions in said lease, and concludes from the foregoing that the rights of defendants Albert C. Russell and Kern-Torrance Petroleum Corporation in the lease have been terminated prior to the commencement of the action and that plaintiff is entitled to judgment quieting his title against each of the defendants. Judgment was entered in accordance with the findings, and from this judgment appellant Kern-Torrance Petroleum Corporation has appealed.

Appellant urges the following points in support of his appeal: 1. That an action to quiet title without setting up the nature of the defendant's claim is not the proper method of procedure to cancel a lease where the defendant is in possession under the lease. 2. That plaintiff cannot escape the obligation to give notice of default and demand for possession as provided by law, by resorting to an action to quiet title. 3. That plaintiff cannot take advantage of the defendant's failure to perform the lease when the failure is due to plaintiff's wilful violation of the covenant of quiet enjoyment implied in the lease. 4. That the court erred in refusing to permit plaintiff's witness to testify as to the act of decision of a public official, verbally made, and in refusing to admit commissioner's letter. 5. That the finding that the defendant has not in good faith, or at all, carried on drilling operations as provided in the lease is not supported by the evidence. 6. That the judgment is not supported by the evidence and is contrary to law.

Appellant, under his first assignment urges that "plaintiff as landlord, cannot maintain an action to quiet title against his tenants," citing us to *Van Winkle* v. *Hinckle*, 21 Cal. 343. That was an action to quiet title decided in 1863, when, in order to maintain an action to quiet title, it was necessary for the plaintiff to be in possession, and it was held in that case that a landlord could not bring an action against his tenants in possession for the purpose of determining the validity of an adverse title set

up by the tenants—that the plaintiff could not claim possession through the tenants, that is, that he was in possession by reason of the tenant's possession, and at the same time bring an action against the tenant to determine the title—and, in *Lyle* v. *Rollins*, 25 Cal. 437, the court, referring to the Van Winkle case, says: "That in *Van Winkle* v. *Hinckle*, 21 Cal. 343, possession by the tenant was held to be insufficient in the action, brought by the landlord against the tenants in possession, setting up a claim adverse to his landlord."

It is not necessary under the rule now laid down for a plaintiff to be in possession in order to maintain an action to quiet title (*People* v. *Center*, 66 Cal. 551 [5 Pac. 263, 6 Pac. 481]). The other cases cited by appellant deal with the principle that a tenant cannot dispute the title of his landlord and are, therefore, not analogous to the question here presented.

Appellant's chief objection under this heading seems to be that a tenant, not holding adversely to the title of the landlord, has no estate in the premises, which is adverse, and that it is necessary to quiet title to set forth the nature of the defendant's claim. In *Castro* v. *Barry*, 79 Cal. 444 [21 Pac. 946], the court uses this language: "It is contended for the appellant, in the first place, that an action to quiet title or to remove a cloud upon title will not lie where the facts alleged, if true, would not legally affect the plaintiff's title. But in this the learned counsel overlooks the distinction between actions to determine adverse claims, which are provided for by the Code of Civil Procedure, and which in this state are commonly referred to as actions to quiet title, and suits to have an instrument cancelled, or adjudged void, which are usually called actions to remove a cloud. Suits to have an instrument cancelled, or adjudged to be void, were quite common in the old chancery practice, and constituted one of the applications of the principle *quia timet* (2 Story Eq. Jur., sec. 701). This suit is preserved by the Civil Code. . . . Suits to determine adverse claims such as exist in this state were not known to the old chancery practice, but were provided for by statute. The provision of the Code of Civil Procedure is as follows: 'Sec. 738. An action may be brought by any person against another person, who claims an estate or interest in real property adverse to him,

for the purpose of determining such adverse claim' (compare sec. 254 of Old Practice Act, Laws 1851, pp. 92, 93). The distinction between the two kinds of action is very clear . . . It is not necessary that the adverse claim be of any particular character. As was said by Baldwin, J., delivering the opinion in *Head* v. *Fordyce,* 17 Cal. 151, the statute 'does not confine the remedy to the case of an adverse claimant setting up a legal title, or even an equitable one; but the act intended to embrace every description of claim whereby the plaintiff might be deprived of the property, or its value depreciated, or whereby the plaintiff might be incommoded or damaged by the assertion of an outstanding title already held or to grow out of the adverse pretention' (citing cases) ; and the rule may be even more broadly stated, viz., that the action may be maintained by the owner of property to determine any adverse claim whatever. For if the defendant by his answer disclaims all interest whatever, judgment may, nevertheless, be entered against him. . . . The plaintiff, therefore, is not required to set forth the nature of the defendant's claim.'' The Castro case, from which we have just quoted, was cited with approval in *Hyatt* v. *Colkins,* 174 Cal. 580 [163 Pac. 1007], and in *Landregan* v. *Peppin,* 94 Cal. 467 [22 Pac. 771], the court says: ''It will be noticed that section 738 of the Code of Civil Procedure, which provides for the determination of adverse claims to realty, is very broad in its terms, and includes all adverse interests from a claim of title in fee to the smallest leasehold and unquestionably it is the duty of the defendant to set out his interest, whatever it may be, when called upon under this section of the code.'' Section 738 of the Code of Civil Procedure provides: ''An action may be brought by any person againt another, who claims an estate or interest in real or personal property, adverse to him, for the purpose of determining such adverse claim . . . '' A lease constitutes an estate. Section 761 of the Civil Code provides that estates in real property are either estates of inheritance, estates for life, estates for years or estates at will. Our attention is also called by appellant to sections 789 and 790 of the Civil Code and section 1162 of the Code of Civil Procedure, Section 789 of the Civil Code provides for the termination of a tenancy or estate at will; section 790 of the same code, for the method of recovery, and section 1162

of the Code of Civil Procedure prescribes how the notice shall be served. These sections are not applicable as the leasehold here was not a tenancy or estate at will. It was a lease for a definite term of three years with certain provisions that it would terminate if the covenants were not fulfilled.

■ Appellant cites us to several cases as holding that unlawful detainer is the statutory method of restoring possession from a tenant. The decisions cited, however, do not hold that unlawful detainer is the exclusive action by a landlord against a tenant. The case of *Francis* v. *West Virginia Oil Co.*, 174 Cal. 168 [162 Pac. 394], is the nearest in point among those cited, which holds that a vendee in possession of land under a contract of sale, who had defaulted in the payment of an installment of the purchase price, did not become a tenant at will, subject to removal by the summary method of unlawful detainer, and the action only lies where there is a relation of landlord and tenant, but the case does not hold unlawful detainer to be the exclusive remedy. ■ It would seem that a lessee who has forfeited his rights under his lease by reason of his failure to comply with the covenants of the lease is analogous to a vendee under a contract of purchase who has defaulted in the payment of his installments, and it has been held that an action to quiet title will lie in such case (*McDonald* v. *Kingsbury*, 16 Cal. App. 248 [116 Pac. 380]), and in *Lewis* v. *Agoure*, 8 Cal. App. 146 [96 Pac. 327], in which case a transfer to the supreme court was denied, it is held that an action to quiet title is the proper action against a lessee in whom no right remained, and here the court found that all rights of appellant in the lease had terminated prior to the commencement of the action.

■ As to appellant's second point that plaintiff cannot escape the obligation to give notice of default and demand for possession there is no merit. Plaintiff does not rely upon the statute permitting an action for unlawful detainer with its accompanying penalties, but upon an action to quiet title (*Williams* v. *Edge*, 192 Cal. 254 [219 Pac. 747]).

As to appellant's third point, that plaintiff cannot take advantage of defendant's failure to perform the lease, when the failure is due to plaintiff's wilful violation of the covenant of quiet enjoyment implied in the lease, it may be

said that appellant has not directed us to any evidence in the record, nor have we found any, to the effect that respondent interfered with the quiet and peaceable enjoyment by appellant of its lease.

We see no error in the court's ruling sustaining an objection to the introduction in evidence of a letter from the corporation commissioner and a verbal opinion given appellant with reference to a permit to sell oil stock. Such evidence was not material to the issue and is hearsay. Appellant cites us to Chamberlayne's chapter XL, sections 889 et seq., and *Lay v. Neville,* 25 Cal. 545, as holding "The rule against hearsay is subject, also, to the exception that a public official's oral declarations on matters of public or general interest may be received if the declarant is not available." Here, however, the oral declaration of the public official did not pertain to a matter of public or general interest.

As to the remaining objections urged by appellant, that the finding that defendant has not in good faith carried on drilling operations as provided in the lease, is not supported by the evidence, and that the judgment is not supported by the evidence and is contrary to law, there is no merit. The testimony of appellant and defendant Albert C. Russell was that they had frequently visited the premises and no work was being done; that on many occasions only the watchman was at the well. That only eight feet were drilled from January 10, 1923, the date of the lease, to March 16th, the last time appellant measured the well before the suit was brought, which was on June 4, 1923, and that the day before the trial of the case the depth of the well was 193 feet. The witness Everett F. Edenberg testified that he lived within half a mile of this drill site and passed by on the road practically every day, and to be safe, on an average of four times a week. Prior to June 1st he only saw the rig going twice. That he helped drill wells within a radius of ten miles of the place and drilled on an average of eighty feet a week. J. J. Shore, a witness called by defendant, testified on cross-examination that from his experience as a driller that he had only known of a rig, such as the one on this Kern-Torrance property, to go 1,200 feet. Such evidence is sufficient to support the finding complained of,

and from what has been said it follows that we are of the opinion that the judgment finds support in the evidence and that it is not contrary to law.

The judgment is affirmed.

Knight, Acting P. J., and Cashin, J., concurred.