[L. A. No. 11140. In Bank.—June 19, 1931.]

S. F. HANES, as Executor, etc., et al., Respondents, v. W. H. COFFEE et al., Appellants.

Pierce & Gould for Appellants.

Blackstock & Rogers for Respondents.

LANGDON, J.—This is an action to quiet title, the complaint containing the usual allegations. Defendant Coffee in his answer set up an interest in the property under a twenty-year lease by the terms of which he was given the exclusive right to prospect for and develop oil, gas and other hydrocarbon substances on the property. Included in the answer is a counterclaim for damages in the sum of $2,200, alleged

to have been suffered by defendant through interference of plaintiffs with his operations. Later defendant Coffee amended his answer to add the allegation that the lease contained a provision for arbitration of differences between the parties, and that by reason of plaintiffs' failure to comply with that provision, the action was prematurely brought. The court, upon motion of plaintiffs, struck out the counterclaim. Evidence was introduced on the issue of compliance with the terms of the lease, and in particular with the requirement that work be commenced within two years after the date thereof. Defendant's motion for a nonsuit was denied, and the court found, in substance, that defendant had failed to carry out this requirement of commencement of operations within two years, and that by reason of such failure, he had no interest in the property. Judgment was thereupon rendered for plaintiffs, and defendant appealed.

■ Of the several contentions raised on this appeal the first is that the proceeding to quiet title was improper for lack of notice of termination of the lease as required by statute. It has, however, been held that in this state the landlord's remedies of ejectment, unlawful detainer and quiet title are distinct; and that the statutory notice provided for in section 1161 of the Code of Civil Procedure is unnecessary in an action to quiet title. (*Andrews* v. *Russell*, 85 Cal. App. 149 [259 Pac. 113]; *Calhoma Oil Corp.* v. *Conniff*, 207 Cal. 648 [279 Pac. 771]; see 1 So. Cal. L. Rev. 193.)

■ The next contention is that the controversy leading to the present action should have been arbitrated, under the terms of the lease. The provision in the instrument reads as follows:

"Should the parties hereto not agree as to any question of fact affecting the rights of the parties hereto, such difference shall be settled by arbitration, each party to appoint an arbitrator, and they to appoint a third arbitrator, and the written findings of any two arbitrators to be binding on the parties hereto."

Conceding that this provision would be enforceable under our statutes, we do not think that it is applicable to the present controversy, in which the lessor contends that by reason of failure of the lessee to commence operations within

the specified period, the lease never became operative, or if it did, is now terminated. The provision clearly does not contemplate that this question shall be submitted to arbitration, since if the allegations of plaintiffs' complaint are sustained, the result is that the lease, including the arbitration provision, is wholly inoperative, and the lessee can claim no rights thereunder.

A more difficult question is the propriety of the court's action in striking out the "counterclaim" of defendant, to which question we now address ourselves. The answer, in this connection, alleges that while defendant was engaged in the actual performance of the terms of the lease, the plaintiffs interfered with, obstructed, hindered and delayed him in his operations. Specific instances of such interference are set forth, and it is then alleged that the resulting damage to defendant was in excess of $2,200, for which defendant prays judgment. The said pleading is, therefore, a demand for the affirmative relief of a money judgment.

In this state affirmative relief of this character may, under proper circumstances, be obtained by means of a counterclaim or a cross-complaint; and it is settled that an incorrect designation of the pleading will not prevent the granting of such relief where it would be otherwise proper. Hence the court's decision cannot be sustained unless the pleading fails to conform to the requisites of either a counterclaim or a cross-complaint. (*Terry Trading Corp.* v. *Barsky,* 210 Cal. 428 [292 Pac. 474].)

The enlarged scope of our counterclaim statute (Cal. Code Civ. Proc., sec. 438) since its amendment in 1927, has been commented upon by this court in *Terry Trading Corp.* v. *Barsky, supra.* It is there pointed out that matters in no way related to the cause of action set forth in the complaint may nevertheless be pleaded as counterclaims if they "tend to diminish or defeat the plaintiff's recovery". But this latter requirement is basic, and tested by it, the relief sought by defendant is not a proper ground for a counterclaim. The complaint seeks to quiet title; the counterclaim is for damages. The granting of the recovery prayed for in the counterclaim would not diminish or defeat the plaintiff's recovery; it would not affect the relief demanded in the complaint in the slightest degree.

■ There remains the question whether the pleading may be proper if considered as a cross-complaint. The statute (Cal. Code Civ. Proc., sec. 442) provides that a cross-complaint may be filed whenever the defendant "seeks affirmative relief against any party, relating to or depending upon the contract, transaction, matter, happening or accident upon which the action is brought, or affecting the property to which the action relates. . . . " Here the test is whether the matter set up by cross-complaint bears the necessary relation to the matter constituting the cause of action. If such relation is present, it is immaterial that the *relief sought* by the cross-complaint is independent of that prayed for in the complaint; the cross-complaint need not tend to diminish or defeat the plaintiff's recovery, but may demand affirmative relief distinct from that demanded by the plaintiff. Hence the objections above set forth to defendant's pleading, considered as a counterclaim, do not apply when it is considered as a cross-complaint. Its validity as a cross-complaint depends upon whether it comes within the "transaction" or "property" clauses of the statute.

The "transaction" clause, which appears in the counterclaim statutes of most states, and which was until 1927 a part of our own counterclaim statute, has received a varied interpretation by the courts; and one recent and authoritative text-writer declares that "the liberality with which the facts constituting the transaction are selected depends largely upon the individual case". (Clark, Code Pleading, p. 454.) ■ In general, it has been held that the manner in which the complaint is drawn is not conclusive. The facts surrounding the cause of action and not the form of the complaint are determinative of what constitutes the transaction. (*Story & Isham Commercial Co.* v. *Story,* 100 Cal. 31 [34 Pac. 671]; *Terry Trading Corp.* v. *Barsky, supra.*) In accordance with this view it would appear that this action to quiet title arises out of the fact that the defendant claims an interest by virtue of a lease by the plaintiffs; that which plaintiffs deny defendant's rights to possession, defendant asserts his right and seeks damages for its violation; that consequently both claims are related to the same transaction, i. e., the leasing of the property, and each must be adjudicated upon a consideration of the same

issues. The case of *Meyer* v. *Quiggle,* 140 . Cal. 495 [74 Pac. 40], principally relied upon by plaintiff as supporting the action of the trial court, is not in conflict with the views just expressed. In that case the plaintiff sued to quiet title against a defendant who had entered under a contract to drill a well to develop water. The defendant, who had drilled until permission to continue was refused, filed an answer and cross-complaint seeking damages for breach of contract. The court held that the pleading was insufficient as a cross-complaint, saying (p. 497) : ''It is clear that under the contract the defendant *had no interest whatever ·in the land* nor any right to a conveyance which would be specifically enforced . . . the claim of the defendant, therefore, *does not affect the real estate in any particular.* It has no more relation thereto, in legal effect, than if it were an independent contract for the payment of money or an independent cause of action in tort against the plaintiff.'' (Italics ours.)

The distinction between this decision and the instant case is, of course, that here the cross-complainant alleges that he *has an interest in the land* by virtue of a lease; and his claim would therefore seem to be one which arises out of the transaction involved in this action, as well as one which affects the property to which the action relates. The case of *Yorba* v. *Ward,* 109 Cal. 107 [38 Pac. 48, 41 Pac. 793], in which plaintiff sued to recover possession of land and defendant cross-complained for money due under a contract to purchase his interest, is likewise distinguishable, for there also the cross-complaint did not allege an existing interest in the ·property.

██ We are therefore inclined to the view that under our liberal rules of pleading, the striking out of defendant's cross-complaint was error. But it is apparent that the error was not prejudicial and does not require a reversal of the judgment. It has already been pointed out that the right to recover on the cross-complaint is dependent upon the determination that defendant had fully carried out the terms of the lease. If this were proved, it would follow that his possession was lawful, and any interference with it actionable. But the court concluded, upon sufficient evidence, that defendant was in default; that he had never carried out the terms of the lease; and that he was

not in lawful possession of the property. This issue being determined adversely to defendant, the alleged acts of interference with such possession could not be actionable. The error was consequently immaterial, for the same judgment would have been rendered even if the cross-complaint had remained. Under such circumstances there is no ground for reversal, and the judgment of the trial court is therefore affirmed.

Shenk, J., Richards, J., Seawell, J., and Preston, J., concurred.