[Sac. No. 4819. In Bank.—May 15, 1934.]

PARADISE IRRIGATION DISTRICT, Respondent, v. ROBERT BARRY, Appellant.

Willis S. Mitchell and Franklin J. Cole for Appellant.

J. Oscar Goldstein for Respondent.

WASTE, C. J.—Plaintiff brought this action to quiet its title to certain real property situate in the county of Butte. The defendant, by way of answer and cross-complaint, set up an interest in the property under a two-year lease by the terms and provisions of which he was given the right to mine for and extract minerals from the property. He prayed that plaintiff take nothing by its action and that the terms and provisions of the lease be specifically enforced. At the conclusion of the trial, the court below found, in substance, that plaintiff had performed its part of the agreement, that defendant had failed to perform any and all of the things required of him under the lease, and that plaintiff, because of such breach, had theretofore notified defendant in writing of its election to terminate the lease, as therein provided. Though the evidence is conflicting in

many respects, there is substantial evidence supporting each of these findings. Judgment was accordingly entered quieting plaintiff's title and decreeing that defendant take nothing under his cross-complaint. This appeal followed.

Defendant's first point is that a plaintiff in a quiet title action must prevail upon the strength of his own title and not upon the weakness of his adversary's title. With this elementary principle we have no quarrel. In an attempt to show its pertinency to the present case, the defendant contends that plaintiff's own witnesses testified that shortly after the execution of the lease some doubt arose as to whether plaintiff had title to the mineral rights on certain of the lands leased to the defendant. In view of this alleged deficiency in its title, it is contended that plaintiff cannot prevail. The record does not bear out the defendant's contention. It is true there is evidence to the effect that plaintiff, shortly after the execution of the lease, discovered that some doubt existed as to its title to the mineral rights pertinent to a portion of the demised lands. However, there is also evidence to the effect that the parties, in order to overcome this deficiency, executed a written *addendum* to the lease which, among other things, declared that "It is further understood and agreed by and between both parties to this lease that the lessor is granting by this lease the right to mine only on mineral claims or land to which the lessor now has, or may later acquire a title."

The foregoing paragraph of the *addendum,* duly executed by the parties thirteen days after the execution of the lease, served to modify the same and limit the rights demised to mineral rights then owned or subsequently acquired by the lessor. In view of this, the asserted deficiency in plaintiff's title is without support.

Defendant next urges that a lease can only be terminated as provided by statute and that the giving of the notices provided for in section 789 of the Civil Code and in section 1161 of the Code of Civil Procedure, is an essential prerequisite to such termination and right of re-entry. *Hanes* v. *Coffee,* 212 Cal. 777 [300 Pac. 963], was an action to quiet title, the parties being lessor and lessee, respectively. It is there declared: "Of the several contentions raised on this appeal, the first is that the proceeding to quiet title was improper for lack of notice of termination of the lease as

required by statute. It has, however, been held that in this state the landlord's remedies of ejectment, unlawful detainer and quiet title are distinct; and that the statutory notice provided for in section 1161 of the Code of Civil Procedure is *unnecessary in an action to quiet title.*"

The case of *Andrews* v. *Russell,* 85 Cal. App. 149 [259 Pac. 113], presented an action to quiet title to certain lands which had been the subject of an oil lease to the defendant's assignor, it being alleged that the drilling operations had not been performed as provided in the lease. It is there stated: "Our attention is also called by appellant to sections 789 and 790 of the Civil Code and section 1162 of the Code of Civil Procedure. Section 789 of the Civil Code provides for the termination of a tenancy or estate at will; section 790 of the same code, for the method of recovery, and section 1162 of the Code of Civil Procedure prescribes how the notice shall be served. These sections are not applicable as the leasehold here was not a tenancy or estate at will. It was a lease for a definite term of three years with certain provisions that it would terminate if the covenants were not fulfilled. Appellant cites us to several cases as holding that unlawful detainer is the statutory method of restoring possession from a tenant. The decisions cited, however, do not hold that unlawful detainer is the exclusive action by a landlord against a tenant. . . . It would seem that a lessee who has forfeited his rights under his lease by reason of his failure to comply with the covenants of the lease is analogous to a vendee under a contract of purchase who has defaulted in the payment of his instalments, and it has been held that an action to quiet title will lie in such case . . . and in *Lewis* v. *Agoure,* 8 Cal. App. 146 [96 Pac. 327], in which case a transfer to the Supreme Court was denied, it is held that an action to quiet title is the proper action against a lessee in whom no right remained, and here the court found that all rights of appellant in the lease had terminated prior to the commencement of the action. As to appellant's second point that plaintiff cannot escape the obligation to give notice of default and demand for possession there is no merit. Plaintiff does not rely upon the statute permitting an action for unlawful detainer with its accompanying penalties, but upon an action to quiet title . . . "

These decisions sufficiently and satisfactorily dispose of the second contention.

Defendant finally contends that the terms and provisions of the lease should be specifically enforced. The finding of the trial court, which is amply supported by the evidence, that the defendant had failed to comply with the terms and provisions of the lease and had therefore forfeited all rights thereunder, precludes the granting of such relief. (Sec. 3392, Civ. Code.) Nor do we find any merit in the point that defendant was prevented from performing his part of the agreement by reason of plaintiff's failure to perform certain conditions precedent. In this connection defendant refers us to the following provision of the lease: "This lease is executed subject to the approval of the State Engineer and the Bond Certification Commission of the State of California and no actual mining operations are to be commenced under the terms of this lease until such approval shall be first had and obtained."

While this provision of the lease requires that such approval be obtained before operations are commenced, it is singularly silent as to which party is charged with the duty of obtaining the approval. Certainly the provision casts no greater burden on plaintiff than on the defendant. Inasmuch as the defendant was to carry on the mining operations under the lease it might reasonably be contended that he should seek and procure such approval before proceeding.

However, there is an additional answer to this particular contention of the defendant. Plaintiff did obtain from the state engineer, who was a member of the bond certification commission designated in the provision, a written statement that the approval mentioned in the above-quoted provision was not required. In response to plaintiff's inquiry the state engineer wrote: "Referring to lease by district of mining rights on the Magalia reservoir site: An agreement for such a lease apparently does not require the approval of the Bond Commission, but is a matter entirely within the discretion of the board of directors. However, since the subject was first brought to our attention in April, 1929, legislation governing the supervision of dams has been enacted, placing such supervision under the State Engineer, to whom the matter should be referred if there appears to be any

possibility of the proposed mining operations endangering the safety of Magalia dam or reservoir.''

What has been said sufficiently disposes of the appeal and of the motion to affirm filed by the plaintiff.

The judgment is affirmed.

Preston, J., Langdon, J., Shenk, J., and Seawell, J., concurred.