PROYOSTY, J.
The defendant W. P. Hayne and his mother entered into an oil and gas lease with the plaintiff company. Preparatory to beginning operations on the land the plaintiff company caused the title to be examined, and discovered that the defendant Hayne owned only one undivided third interest, and his mother none at all. It called upon Hayne to procure the signatures of his co-owners to the lease; and, he failing to do so, it brought suit against his said co-owners *343 for a partition of the land, in order that his interest in it might be segregated and the rights conferred by the lease be exercised upon that interest. That suit failed for the reason that a lessee was held to have no standing for maintaining a suit in partition of the property leased. Gulf Refining Co. v. Hayne, 138 La. 555, 70 South. 509, L. R. A. 1916D, 1147, Ann. Cas. 1917D, 130. Meanwhile plaintiff had gone upon the land for beginning operations, and had been met by an injunction at the suit of defendant Hayne’s said co-owners. Plaintiff company in vain called upon defendant I-Iayne to cause this injunction to be dissolved. This injunction suit has never come to trial. The injunction is still in force.
The lease was dated September 1,1914, and under its terms operations had to begin within 12 months from that date. The partition suit was brought on May 15, 1915. Plaintiff’s attempt to operate was in August, 1915, The injunction was sued out on the 31st of that month. =
At the expiration of the 12 months within which plaintiff had to begin operations, the defendant Hayne and his co-owners proceeded to drill-an oil well on the land; and, this well proving to be a producer, the plaintiff! company instituted the present suit. The theory of the suit is that the delay for beginning operations could not run while the plaintiff company was prevented by the injunction from acting; and that consequently the lease has continued in full force; that it has divested Hayne of all right he had to the oil under the land, and of all right he had to operate for same, and has vested these rights fully and completely in plaintiff; and that therefore plaintiff is entitled to have the oil produced by said well, and to stand in the place of Hayne with reference to said well.
Upon allegation that the oil was being sold, and that plaintiff feared that the defendants would dispose of the oil as produced, plaintiff caused the oil on hand and also the well itself to be sequestered, and asked for judgment against’ Hayne for the value of one-third of the oil already sold.
The co-owners of Hayne are made parties to the suit.
There was judgment reading as follows:
“In this cause, by reason of the law and the evidence being in favor thereof, it is ordered, adjudged, and decreed that plaintiff’s lease be, and the same is hereby, declared to be in full force and effect, and plaintiff is recognized as the owner of an undivided one-third interest in the well that has been drilled on the property covered by said lease and the gross production thereof.
“It is further ordered, adjudged, and decreed that the said Hayne pay to the said Gulf Refining Company of Louisiana the full value of one-third of the oil he may have produced and sold from the property covered by said lease, reserving to the said Hayne whatever rights he may have to sue for reimbursement for amounts expended in the production of said oil.
“It is further ordered, adjudged, and decreed that the writs of sequestration issued herein be perpetually maintained.
“It is further ordered, adjudged, and decreed that the sheriff deliver to the plaintiff out of the sequestered property one-third of all oil produced from said well, or the proceeds thereof, free from any cost and expense.
“It is further ordered, adjudged, and decreed that defendants pay all costs of this suit.”
The defendant Hayne contends that, as he was not a party to the injunction suit, it was by no act of his that the plaintiff company was prevented from operating;, and that, therefore, the delay for operating continued to run, and at its expiration the lease terminated.
[1] This argumentation would be sound, if the defendant Hayne had not been under obligation by his contract of lease to cause plaintiff company to have possession of the land, and the want of this possession had not been the sole reason of the plaintiff company’s not operating. The fault in the matter lay, *345 •therefore, directly with defendant Hayne. Neither his co-owners nor the plaintiff company can be charged with any fault or laches in the matter, as at all times they were in their perfect right. Defendant Hayne alone ■ was at fault. Therefore to allow him to take advantage of the expiration of the delay in question would be to allow him to take advantage of his own fault. Where the obligation of a party depends upon a certain condition being fulfilled, and the fulfillment of the condition is prevented by that party, “the condition is considered as fulfilled.” O. 0. art. '2040.** In the present case the obligation of the defendant Hayne depended upon the condition of operations being begun within 12 months, and the fulfillment of that condition was prevented by the fault of Hayne; and this fault in legal contemplation for all purposes of the contract was the same precisely .as would have been some action on his part. It was just as effective. In Landry v. Peytavin, 7 Mart. (N. S.) 165, State v. Burgess, 23 La. Ann. 225, and Bergen v. City of New Orleans, 35 La. Ann. 523, the failure of the contractee to furnish the contractor with funds in accordance with the contract was held to have prolonged .the delay within which the work was to be completed.
[2] Moreover, the injunction was for the entire property—as much for Hayne’s one-third interest as for the two-thirds interest ■of his co-owners—and therefore in taking the injunction the said co-owners were acting as much for Hayne as for themselves, though he did not figure in the suit. A joint owner may act for his co-owners in connection with the •common property. Compton v. Mathews, 3 La. 128, 22 Am. Dec. 167; Carpentier et Du Saint, Repertoire du Droit Francais, vo. Indivision, No. 146 et seq.
The defendant Hayne next argues that the contract of lease did not convey to plaintiff -company the ownership of the oil, but only obligated him, as lessor, to deliver the land, and to secure to plaintiff company the quiet possession of it, and that the breach of this obligation gives rise only to a suit in damages.
[3] In its terms the said contract sells the oil under the land; but conceding, argumenti gratia, that, as contended by defendant Hayne, there can be no ownership of oil yet lying underground, and that therefore the oil itself was not sold, the defendant is in no better position; for by said contract he divested himself fully and completely of the right to exploit this land for oil, and vested plaintiff company fully and completely with that right, in so far as his one-third interest was concerned, so that when he in conjunction with his co-owners operated on the land for oil, he was merely exercising a right belonging to plaintiff company, and necessarily the fruits of the exercise of that right must belong to the owner of the right. O. C. art. 501.
[4] Moreover, the only reason why the breach of any contract gives, rise ordinarily only to an action in damages is that ordinarily specific performance cannot be enforced. However, performance being the more complete remedy, there can be no reason why it should not be allowed in cases where it is available and is demanded. Articles 1903, 1927, G. C., read:
Art. 1903. “The obligation .of contracts extends not only to what is expressly stipulated, but also to everything that, by law,. equity or custom, is considered as incidental to the particular contract, 'or necessary to carry it into effect.”
Art. 1927. “In ordinary cases, the breach of such contract entitles the party aggrieved only to damages, but where this would be an inadequate compensation, and the party, has the power of performing the contract, he may be constrained to a specific performance by means prescribed in the laws which regulate the practice of the courts.”
*347 Hayne having conveyed to plaintiff company in their totality his rights to exploit this land for oil, and to have whatever oil might be derived from the exploitation, and it being possible in this suit to enforce that contract specifically, there can be no good reason for not doing so.
[5, 6] In the brief of defendant I-Iayne the contention is made that his interest in the oil and the well should not be given over to plaintiff company without the latter being required to reimburse the expenses incurred by Hayne in pixtting down the well and producing the oil. The contention is well founded. C. C. 501. But no demand to that effect being contained in the answer, this relief cannot be extended in this suit. Under the prayer for equity, however,, the right to urge it in another .suit may, and should be reserved, as has been done in the judgment appealed from.
Plaintiff has offered no evidence in- support of the demand for the value of one-third of the oil already sold; but, as the answer does not deny that some of the oil was sold, the judgment properly condemned the defendant Hayne to account to the plaintiff for the value of this oil when they should come to a settlement.
[7] The co-owners urge that plaintiff was without right to sequester their interest in the oil and well. But one entitled to the sequestration of an undivided interest needs must, and is entitled to, sequester the entire property. This is fully settled at common law, and also in this state. Segur v. Sorel, 11 La. 441; Wickliffe v. Dawson, 19 La. Ann. 48; Interstate Land Co. v. Doyle, 120 La. 50, 44 South. 918. And see analogous cases of attachment. Lee v. Bullard, 3 La. Ann. 463; Cucullu v. Manzenal, 4 Mart. (N. S.) 183; Oliver v. Gwin, 17 La. 28.
Judgment affirmed.