O’NIELL, Chief Justice.
 

 This is a suit to compel the defendant to carry out a written contract by which he leased to the plaintiff a town lot in Ruston, La. The lease included also the improvements on the lot, especially two large underground gasoline tanks and two pumps. The lease was made on the 20th day of May, 1935, for the term of five years, from August 1, 1935, to August 1, 1940, at $40 a month, with the privilege of renewal for another term of five years, at $50 a month, at the option of the lessee. He was a wholesale agent for one of the major oil companies. The products of another of the major oil companies were being sold on the premises at the time when the lease was made and up to the time when this suit was tried. The lessor refused to deliver possession of the premises to the new lessee, Louis G. Williams, on the ground that the description given in the instrument purporting to be a lease was not sufficient to describe or identify any lot in Ruston, and in fact that there was no such lot in Ruston as the lot described in the instrument purporting to be a contract of lease. The question in the case, therefore, is
 
 *887
 
 whether the lot on which the plaintiff claims a lease can he identified by the description given in the contract The plaintiff claims that the defendant’s refusal to deliver possession of the leased premises was and is arbitrary, and hence that the stipulated term of the lease should begin on the date on which the plaintiff will be permitted by the decree in this suit to take possession of the leased premises. The defendant first filed an exception of no clause or right of action,, and, when the exception was overruled, he answered the suit, with full reservation of the exception. The case was submitted on a stipulation of facts, admitted by the attorneys for the parties to the suit. The attorney for the defendant, in making the admissions, reserved his exception of no cause or right of action, and reserved the objection to the admissibility of parol evidence to change or amplify the description in the written instrument. The judge of the district court gave judgment for the plaintiff, enforcing the lease for the term of five years from the date stipulated in the contract, but rejected the plaintiff’s demand to have the five years begin on the date on which the plaintiff will be permitted, by the court’s decree, to take possession of the leased premises. The defendant took a suspensive appeal, which, we assume, has prevented the plaintiff from taking possession of the leased premises. The plaintiff, answering the appeal, asks for an amendment of the judgment, so that the five years’ primary term of the lease shall not begin until he is allowed to take possession of the leased premises.
 

 Two errors were made in describing the lot in the contract of lease, but the errors-are not important, because in other respects the description is so plain and accurate that there cannot be any doubt about the true-location of the lot that was intended to be described. The lot is described in the contract as a square lot, measuring 100 feet on each of its sides, and having its northeast corner at the intersection of College street and the Dixie-Overland highway; College street bearing north and south and the Dixie-Overland highway bearing east and' west. The Dixie-Overland highway is also, called Simsboro road. The property leased is described in the contract thus:
 

 “Land and improvements located in the Town of Ruston, Louisiana, of legal description as follows:
 

 “Lot Two (2), Block Four Hundred Ten (410) of the Stubbs Addition, beginning at the northeast corner of College Street and the Dixie-Overland Highway, then [thence] running South one hundred (100) feet on College Street, thence West one hundred (100) feet, thence North one hundred (100) feet, and thence East one hundred (100) feet to [the] point of beginning, with improvements thereon, together with two (2) five hundred fifty (550) gallon underground tanks and two pumps.”
 

 There are two errors in this description. In the first place, the leased lot is in lot 2 of block 102, not block 410. There is no block numbered 410 on the-map of the Stubbs addition to the town of Ruston. The block having the highest number is
 
 *889
 
 block 112. Block 102 is the block that is bounded on its east side by College street and on its north side by the Dixie-Overland highway, also called Simsboro road. The second error in the description in the contract is in the statement: “Beginning at the northeast corner of College Street and the Dixie-Overland Highway,” etc. It would have been more accurate to say: “Beginning at the northeast corner of the lot or block at the intersection of College Street and the Dixie-Overland Highway,” etc. It is not possible for more than one lot or block to have its northeast corner at any given street intersection. Ordinarily, “the northeast corner of College Street and the Dixie-Overland Highway,” would mean the northeast corner of the intersection of the street and the highway; but, in this instance, it could not have meant the northeast corner of the intersection, because, if the survey of the lot should begin at the northeast corner of that intersection, the line running “thence south 100 feet” would extend across the continuation of the Dixie-Overland highway, and the line running, “thence west 100 feet” would extend across College street, somewhere south of the intersection, and the line running “thence north 100 feet” would extend across the Dixie-Overland highway, somewhere west of the intersection, and the line running “thence east 100 feet to the point of beginning” would extend across College street, at the intersection; and the lot so described would embrace all of the street intersection, besides a part of College street south of the intersection, and a part of the Dixie-Overland highway west of the intersection. Considering the courses and distances given in the description in this contract, it is plain that the statement, “beginning at the northeast corner of College Street and the Dixie-Overland Highway,” does not mean “beginning at the northeast corner of the intersection” of these thoroughfares, but means “beginning at the northeast corner of the block which has its northeast corner at this intersection.” A person reading the description would not be apt to pay attention to the lot number or the block number, because it would mean nothing without reference to a map; and the reader, without paying attention to the lot number or the block number, and without reference to a map, would visualize the lot and its location, exactly as it was intended to be described, and as it is in fact located. Besides all of this, the reference to the service station equipment, of pumps connected with large underground tanks, showed what corner lot was intended to be leased. It is admitted that the defendant, James, who resides in Texas, owns the lot on which the plaintiff claims the lease, and it is not contended that James owns any other lot in Ruston, or in the Stubbs addition to Ruston.
 

 This case is governed by the rule stated in Smith v. Chappell, 177 La. 311, 324, 148 So. 242, 246, thus:
 

 “Where, as in this case, there are conflicting calls in the deed, and where the first call is followed by a general description which manifestly was intended to be a summing up of the intention of the parties as to the premises conveyed, such general description controls all prior words or phrases used, if sufficient to identify with certainty the premises conveyed.”
 

 
 *891
 
 In the case cited the court quoted with approval from 13 Cyc. 627, d., thus: “And if the land conveyed is sufficiently identified by certain parts of the description an impossible or senseless course should be disregarded, and the deed sustained.”
 

 Our conclusion is that the judgment appealed from is correct in so far as it recognizes and enforces the plaintiff’s lease on the lot measuring 100 feet on each of its four sides, and located at the northeast corner of lot 2 of block 102, in the Stubbs addition to the town of Ruston, bounded on the north by the Dixie-Overland highway, also called Simsboro road, and on the east by College street; but the five years’ primary term of the lease ought to be so extended as to begin on the date on which the lessee, Williams, will be or has been permitted to take possession of the leased premises. There is no reason why the lessor should be allowed to deprive the lessee of a part of the term of his lease by withholding possession of the leased premises without just cause. It has been decided, with regard to oil and gas leases, that, if the lessee is prevented by a lawsuit from beginning operations within the time stipulated, he is entitled to an extension for the time of such hindrance, if he is successful in the lawsuit. Gulf Refining Co. v. Hayne, 148 La. 340, 86 So. 891; Standard Oil Co. v. Webb, 149 La. 245, 246, 88 So. 808; Fomby v. Columbia County Development Co., 155 La. 705, 706, 99 So. 537. The principle is applicable here.
 

 We shall amend the judgment, therefore, so that the primary term of the lease, five years, will begin on the date on whichi the lessee was or will be allowed to take-possession of the leased premises, which, date will be not later than the date on which, the decree of this court will become final. As there is some doubt as to whether the lessee was deprived of possession of the-leased premises during the pendency of this-suit, and as it is possible, if he has been so-deprived, that he may be allowed to take possession before the decree of this court will become final and executory, we will: remand the case to the district court, with-, the instruction to fix by a judicial decree the date of the beginning of the primary-term of the lease, which date will be the-date on which the lessee has been or will be-allowed to take possession of the leased premises, and which will be not later than the date on which the decree which is now to be rendered will become final and execu-tory.
 

 Decree.
 

 The judgment appealed from is amended' so that the primary term of the lease, five years, is to begin on the date on which the-lessee has been or will be allowed to take-possession of the leased premises, which date shall be not later than the date on-which this decree will become final and ex-ecutory. As thus amended, the judgment is. affirmed; and the case is ordered remanded-, to the district court to have the date of the beginning of the term of the lease fixed by a decree of the court. The defendant, appellant, is to pay all costs.