## COPELAND v. LAMPTON et al.
### No. 5365.

Court of Civil Appeals of Texas. Texarkana.

Feb. 17, 1939.

Rehearing Denied Feb. 23, 1939.

H. P. Smead, of Longview, for plaintiff in error.

Harrington & Harrington, of Longview, and Houtchens & Houtchens, Ardell M. Young, and J. Harold Craik, all of Fort Worth, for defendants in error.

WILLIAMS, Justice.

Defendants in error, Alma Baldwin, a feme sole, joined by W. W. Lampton sued C. C. Copeland and J. M. Chandler to cancel an oil and gas lease and to remove cloud

from title by reason of its recordation. Chandler filed a disclaimer.

In 1931 Chandler obtained from Alma Baldwin and husband a power of attorney together with an assignment of 1/2 her undivided interest in a 50-acre tract of land out of the G. F. Penn H. R. Survey in Gregg County, on a recited consideration of legal services to be performed by Chandler as a lawyer. This service Chandler admits he did not perform. The legal services were performed by other counsel in a suit which terminated in April, 1932, in which Alma Baldwin was awarded a 1/32 interest in the tract. Chandler subsequently obtained a deed dated June 14, 1932, from Alma Baldwin and husband which purported to convey to Chandler a 1/32 undivided interest of the minerals in the land. At the same time and place Alma Baldwin and her husband joined by Chandler as lessor executed the oil and gas lease in controversy to Copeland as lessee, describing a 1/16 undivided interest in the tract of land. This lease provided that if no well should be commenced on or before June 14, 1933, the lease would terminate as to both parties, unless the lessee on or before said date should pay or tender to the lessors' credit in a certain named depository the delayed money rental mentioned.

In response to Alma Baldwin's repeated requests for a release from the above mentioned power of attorney, mineral deed and oil and gas lease, Chandler on February 7, 1933, prepared a lengthy instrument which in effect amounted to a ratification of these instruments and acknowledged a 1/32 interest in Chandler. Alma, her husband, and Chandler signed and acknowledged the instrument and Chandler filed it for record. In passing, it is to be observed that at this time Alma owned only a 1/32 interest in the tract situated in the heart of the oil-producing field of East Texas. This ratification covered her entire interest. We do not deem it necessary to detail the explanations given by Chandler in his dealings with this illiterate Negress or his reasons for their execution of this lease to Copeland, his nephew who was about twenty-three years of age at the time.

Subsequently, in May, 1934, Alma Baldwin, her mother and other heirs of her deceased father, recovered a judgment against Chandler cancelling the power of attorney, mineral deed and ratification, as well as other conveyances which had been executed by the other heirs to Chandler. The lease in controversy had not been included in that litigation and judgment. As grounds for cancellation plaintiffs alleged that defendant had not commenced a well or paid the delay rental by June 14, 1933; that the lease had been procured upon false and fraudulent representations made by Chandler and in violation of the fiduciary relationship of lawyer and client; and that in the transaction Chandler acted as the agent of Copeland, or the latter was holding the lease for Chandler who was in fact the owner of this lease. Plaintiffs also pleaded a failure of consideration. It is not necessary in this opinion to enlarge further upon the above pleadings, or to detail other grounds alleged. Defendant answered with a general demurrer and denial.

Producing wells have been developed on the 50-acre tract by The Texas Company prior to the first delay-rental due date, June 14, 1933, mentioned in the Copeland lease. This development had been made under a lease executed by other heirs in the tract. Chandler, Copeland and Alma Baldwin were all strangers to The Texas Company lease. Copeland, the lessee under the lease in controversy, did not at any time commence the drilling of a well on the tract. Chandler testified that Copeland paid him the delay-rental and he in turn timely paid it to Alma. We shall not detail other evidence upon this point. Sufficient to say, the evidence became a question of fact. The jury found in answer to special issue No. 1 that the delay-rental due on or before June 14, 1933, was not paid. Judgment was entered cancelling the lease and removing cloud from title.

Under several propositions defendant contends that the court erred in overruling his motion to enter judgment for him non obstante veredicto. The contention is made that the findings of the jury that neither Chandler nor Copeland paid Alma Baldwin the delay-rental due on or before June 14, 1933, settled no issue which would support the judgment entered. This record indicates that the cause was submitted to the jury upon the theory that an affirmative answer to special issue No. 1 would support the judgment. The judgment recites: " * * * And the Court

further finds that the oil and gas lease provided for the payment of rentals for the extension of the time in which to drill a well, and that said rental due to be paid on or before June 14, 1933, was not paid, and by reason thereof, said lease was forfeited, and became of no force and effect, such being the theory of the court and counsel for plaintiffs and defendants in this cause, and therefore Special Issue No. 1 was submitted to the jury with the understanding that if the same should be answered 'Yes' that no further issues contained in said charge were necessary to be answered."

There are no exceptions to any of these recitals. This theory is further reflected in the court's charge wherein he instructed the jury that they need not answer the issues on fraud and failure of consideration if they had answered Special Issue No. 1 in the affirmative. No exceptions were urged to the submission of Special Issue No. 1 or to its terms. The only exceptions urged to the charge dealt with the terms of Issues Nos. 3 and 4. No requests were made for an instructed verdict. As stated in 2 Tex.Jur. p. 168 Sec. 111: "It is an established principle of appellate procedure that the parties are restricted to the theory on which the case was tried in the lower court." St. Louis S. W. Ry. Co. of Tex. v. John R. Lawrence, Tex.Civ. App., 120 S.W.2d 906, and authorities there cited.

■ But it does not become necessary to rest an affirmance of this appeal upon the foregoing rule. For the order which overruled this motion to enter judgment non obstante veredicto reads:

"Now, on this the 30th day of October, 1936, the motion of defendant C. C. Copeland for judgment non obstante veredicto coming on to be heard and the court having considered same and the argument of counsel is of the opinion that should be overruled.

"It is therefore by the Court considered, ordered, adjudged and decreed by the Court that the motion of said defendant for judgment non obstante veredicto be and the same is hereby denied, to which action of the Court the defendant duly excepted."

It is to be observed from this decree that there are no recitals that reasonable notice of the motion and hearing thereon was given to plaintiffs as required by the mandatory provisions of Article 2211 of R.C.S. as amended in 1931, Vernon's Ann.Civ. St. art. 2211. This article reads: " *   * Provided, that upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence. *   *   *"

And this record does not otherwise disclose the provisions of this article were complied with or waived by plaintiffs. Article 2211, supra, not having been complied with, the trial court would have erred if the motion had been granted and judgment non obstante veredicto entered for Copeland. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970; Kaiser v. Newsom, Tex. Civ.App., 108 S.W.2d 755, writ dismissed.

■ Error is assigned to certain testimony, admitted over objections of defendant, which was given by Alma Baldwin relative to the execution of the mineral deed, oil lease and the ratification. Defendant contends that any conversation had between Chandler and Alma Baldwin was inadmissible against Copeland. The latter had not pleaded that he was an innocent purchaser of the lease for value. He was not present at this trial, and neither did he request a continuance. Alma never knew or came in contact with Copeland. All the instruments herein mentioned were interdependent and formed the basis of this litigation. Chandler had handled all these transactions from 1931 up to and including the time of this trial. The testimony complained of dealt with the issues on fraud and failure of consideration. They were not answered by the jury. The proposition based upon this assigned error is overruled.

The judgment is affirmed.