On Rehearing
LE BLANC, Justice.
This suit, as stated in the opinion on the original hearing, had for its purpose, the cancellation of a mineral lease for failure to make timely payment by lessee of the delay rental. The plaintiff lessor had prevailed in his demand in the lower court but on appeal the judgment cancelling the lease was reversed, this Court having held *283 that delivery of the money to the Western Union' Telegraph Company on September 15, 1950, the day on which the delay rental was due, fulfilled the requirements of the lease contract notwithstanding the fact that the payment did not reach the bank which had been designated as the lessor’s depository until September 16, 1950 or a later date. The decree reversed the judgment appealed from and dismissed the plaintiff’s suit at his costs.
The plaintiff, who lost his case on appeal, did not apply for a rehearing but the defendants did. In their application they called attention to the fact that whereas in their answer they prayed for the dismissal of plaintiff’s suit and also that there be judgment in their favor “continuing and extending the oil, gas and mineral lease, the subject of this litigation, as to all of the terms, conditions, rights and privileges for a period of two (2) years from and after termination of this suit; * * * ”, the decree of this Court failed to grant them such relief which they are entitled to. A rehearing was granted, restricted to the question presented in the application.
In their brief in support of their application, counsel for defendants acknowledge their oversight in having failed to call the matter to the court’s attention and they also stress the necessity of extending the lease beyond its primary term. Under the well established jurisprudence they’.are-clearly entitled to "an extension, having prayed for it in their answer and having become the successful appellants in the case. In Williams v. James, 188 La. 884, 178 So. 384, 386, it is stated: “There is no reason why the lessor should be allowed to deprive the lessee of a part of the term of his lease by withholding possession of the leased premises without just cause. It has been decided, with regard to oil and gas leases, that, if the lessee is prevented by a lawsuit from beginning operations within the time stipulated, he is entitled to an extension for the time of such hindrance, if he is successful in the lawsuit. Gulf Refining Co. v. Hayne, 148 La. 340, 86 So. 891; Standard Oil Co. v. Webb, 149 La. 245, 246, 88 So. 808; Fomby v. Columbia County Development Co., 155 La. 705, 706, 99 So. 537. The principle is applicable here.”
In a later case, Knight v. Blackwell Oil & Gas Co., 197 La. 237, 1 So.2d 89, the court again recognized this jurisprudence but could not apply it because the point had not been raised in the trial court by the defendants, they had not appealed nor had they answered the appeal taken by the plaintiff. In the present case, as we have seen, the defendants presented the issue in answer to plaintiff’s suit for cancellation of the lease, they prayed for judgment granting them the extension and were successful as the appellants before this Court.
Counsel' for plaintiff have filed a brief in rebuttal to the application for rehearing in which they urge that if plaintiff should *285 be granted an extension it should be only for a reasonable time to commence drilling operations and not for a period equal to the period of this litigation over the lease. The logic on which the action of the court in granting the extension in cases of this kind is based, is that the lessee has been deprived of his exercise of the rights granted to him by the lease by the act of the lessor in having filed and prosecuted the lawsuit against him and clearly as is stated in Fomby v. Columbia County Development Co., supra, “The period of this litigation should not be included in determining when the leases expire.” [155 La. 719, 99 So. 542] (Italics ours.)
In the present case, the lease was executed on September 15, 1947 and was for a primary term of five years. By its own terms therefore it would have expired on September 15, 1952. This suit was filed on October 17, 1950 at which time the lease had been in existence three years, one month and two days, leaving an unexpired period of one year, ten months and twenty-eight days. The defendant-lessee is therefore entitled to an extension of that period of this unexpired time from the date this judgment will become final. The decree rendered on the original hearing should be amended accordingly.
For the reasons stated it is ordered that the decree heretofore handed down be amended by adding the following thereto :
It is further ordered, adjudged and. decreed that the primary term of the lease herein sued on be and the same is hereby declared to be in full force and effect for a period of one year, ten months and twenty-eight days from the date of finality of this judgment and, as thus amended, it is hereby reinstated and made final.