85 So.2d 58 (1956)
229 La. 134
Jannie Neal AMOS
v.
J. Woodrow WAGGONER.
No. 42188.
Supreme Court of Louisiana.
January 16, 1956.
H. Minor Pipes, Houma, Tucker & Schonekas, New Orleans, for defendant-appellant.
Elton A. Darsey, Houma, for plaintiff-appellee.
McCALEB, Justice.
This is a suit for cancellation of a mineral lease because of its termination by the lessee's failure to pay delay rentals. Proceeding under R.S. 30:102, plaintiff also seeks recovery of her attorney's fee in the sum of $500. There was judgment for plaintiff as prayed for in the trial court and defendant has appealed.
The undisputed facts of the case are that plaintiff, an uneducated colored woman, acquired a 15-acre tract of land in Terrebonne Parish on January 3, 1944, by authentic act from Robert B. Butler, formerly Judge of the Seventeenth Judicial District Court, who reserved one-half of the oil, gas and other minerals and was also given the exclusive right to execute for himself and plaintiff all mineral leases on the property. Defendant, a mineral lease *59 broker, secured the lease in contest on February 21, 1952, paying plaintiff a cash consideration of $75 for the grant. The lease was of a drill or pay type with a primary term of 10 years and provided that it would terminate on its anniversary unless the lessee either commenced drilling operations or paid to the lessor a rental of $5 per acre or $75 annually for the 15 acres it covered.
Defendant did not record the lease but Judge Butler nevertheless soon learned that plaintiff had granted it. On September 12, 1952, he contacted defendant and informed him that the lease was invalid as he alone had the right to lease the minerals and that, pursuant to his authority and acting for himself and as plaintiff's agent, he had leased the minerals on the day before (September 11, 1952) to the Tide Water Associated Oil Company.[1] On this occasion, Judge Butler refunded to defendant the bonus money of $75 which had been paid to plaintiff for the lease. Defendant accepted Judge Butler's check but has never cashed it, having retained it in his possession until the trial of this case.
Thereafter, defendant evidently considered that the contract had been rescinded as he did nothing to preserve his rights under it and, specifically, did not pay the delay rental which fell due on February 21, 1953. However, on January 4, 1954, the date when Judge Butler's one-half mineral interest in the property prescribed because of non-usage, defendant recorded his lease and, on February 19, 1954, deposited to plaintiff's account in the Citizens National Bank and Trust Company of Houma, the depository named in the lease, the sum of $75 to cover the delay rental which would have been due on February 21, 1954. When plaintiff learned that defendant had deposited a delay rental to her account, she retained an attorney who wrote defendant on April 29, 1954, enclosing a refund of the deposit and requesting that the mineral lease be cancelled because of non-payment of the delay rental due on February 21, 1953. The defendant returned the attorney's letter and check without comment. Wherefore this suit.
The foregoing statement of the case makes it manifest not only that plaintiff had no authority to execute the lease to defendant but that the latter was well aware of the invalidity of it at the latest on September 12, 1952[2] when Judge Butler informed him of his contractual rights under the deed of January 3, 1944. And, by accepting Judge Butler's check in the amount of $75 to reimburse him for his bonus payment, defendant recognized that the contract was unenforceable and acquiesced in its cancellation as of that date. Berger v. Quintero, 170 La. 37, 127 So. 356. Accordingly, were defendant resisting plaintiff's demand on the ground that the agreement had been previously dissolved by mutual consent, her suit would have to be dismissed.
But defendant does not assume that position. Instead, he affirmatively asserts in his answer that the contract is in full force and effect and that he has not defaulted in his obligation by failing to pay the delay rental falling due February 21, 1953, since plaintiff had already breached the contract as she was unable to deliver the right of possession as prescribed by Article 2692 of the Civil Code. It is said by defense counsel that her inability to perform her implied obligation to deliver possession suspended defendant's obligations under the lease until January 4, 1954, when she became vested with Judge Butler's mineral interest and thus acquired the unencumbered right to deliver possession to defendant. In substantiation of *60 this contention, counsel rely on a line of mineral lease cases holding that, when the lessor by reason of a lawsuit brought for the purpose of annulling or cancelling the lease, has deprived the lessee who is finally successful in the litigation from exercising his rights under the lease, such lessee is entitled to an extension of the term of the lease for the period during which the litigation was pending in order to afford him all of the time stipulated in the contract for the performance of his obligations.[3]
Defendant's proposition is not well founded. His affirmative plea for enforcement of the lease is tantamount to the seeking of a specific performance of the contract which cannot be granted him when he, himself, has not performed the obligations required of him thereunder. Joffrion v. Gumbel, 123 La. 391, 48 So. 1007; Pratt v. McCoy, 128 La. 570, 54 So. 1012; Seeger v. Seeger, 169 La. 611, 125 So. 732; DiCristina v. Weiser, 215 La. 1115, 42 So.2d 868 and Shell Oil Company v. Hogan, 228 La. 37, 81 So.2d 761.
The lease provides that it shall terminate unless the lessee either commences operations for the drilling of a well or pays annually a delay rental during the primary term on or before its anniversary date. Under such a provision, defendant cannot escape termination on the theory that his time to pay delay rentals was extended because of plaintiff's inability to give him possession for drilling purposes, in the absence of a showing that she actively made performance by him impossible or so hazardous by the initiation of legal proceedings that it would be inequitable to expect him to perform within the contractual period. There is no room for equity on defendant's side of this case. He neither intended to explore for minerals nor did he demand possession. In reality, aware that the lease was not enforceable, he remained quiescent until Judge Butler's mineral interest reverted, at which time he attempted to resurrect his lapsed rights by recording the contract and depositing a delay rental to plaintiff's account. We hold these efforts ineffectual and that he is not entitled to enforcement of the lease when he has not timely complied with his obligations.
The cases relied on by counsel are not apposite for the reason, among others, that the lessees in those matters were not in default at the time the suits were instituted by the lessors. It was only because of the pendency of the suits that the obligations of the lessees, who were ultimately successful, were temporarily suspended.
Defendant also contends that he has accounted for the delay rental due on February 21, 1953 as the $75 he paid in consideration for the lease was sufficient to cover that delay rental for the reason that plaintiff only had a one-half interest in the minerals and that Section 10 of the lease grants him the right to reduce the amount of delay rentals if the lessor owns less than an entire undivided interest in the mineral rights.
There is no merit in the point. Suffice it to say that the $75 was a bonus payment and, consequently, no part of that sum could be applied to the payment of delay rentals.
The judgment appealed from is affirmed.
NOTES
[1] This lease was recorded on September 29, 1952.
[2] We suspect that defendant knew that plaintiff had no power to lease the minerals at the time he made the lease as he admittedly went to the conveyance records and obtained the description of the land from the deed to plaintiff from Judge Butler. Defendant swears that he did not read the act but, considering his testimony and conduct as a whole, we are not impressed by his denial of knowledge.
[3] Leonard v. Busch-Everett Co., 139 La. 1099, 72 So. 749; Gulf Refining Co. v. Hayne, 148 La. 340, 86 So. 891; Standard Oil Co. v. Webb, 149 La. 245, 88 So. 808; Fomby v. Columbia County Development Co., 155 La. 705, 99 So. 537; Williams v. James, 188 La. 884, 178 So. 384 and Baker v. Potter, 223 La. 274, 65 So.2d 598. All of the foregoing matters involve mineral leases except Williams v. James.