CHASEZ, Judge.
Plaintiffs, Mr. and Mrs. Leroy Z. Slater, Jr., sued defendant herein, Elroy W. Eck- *797 hardt (a minor represented by his father, Elroy Eckhardt, Jr.), to determine title to Lots 18 and 19 in Square 13, Canal Street Subdivision, Jefferson Parish. A third party, William J. Childress, also had of record a title to adjacent Lot 20. Since plaintiffs’ title to lots 18 and 19 also included Lot 20, plaintiffs also instituted a suit against William J. Childress.
Plaintiffs appeal from unfavorable judgments in both those suits, the second appeal being Slater v. Childress, La.App., 160 So.2d 799. The two appeals are consolidated and both are treated herein because they involve the same question of law and there is no dispute over any material fact.
Abstracting from the mass of title documents, acts, plats, judgments and mortgage, conveyance and tax certificates, etc., of which the record consists, we can briefly state the essential facts.
Home Builders Realty Company, Inc. (which later changed its name to Liberty Realty & Securities Co., Inc.) owned several squares of ground constituting the Canal Street Subdivision, including both square 12 and the adjacent square 13.
On February 25, 1920, Home Builders sold to Johanni Roquet (from whom plaintiffs derive their title), lots 16 through 22,
“ * * * in square 12, bounded by Dumaine, Harrison, Lake Pontchartrain Ave. and the Metairie Ave. * * ”
Those streets are in fact the boundaries of Square 13.
On April 15, 1926, Home Builders (as Liberty Realty) sold to Ignatius E. Uzzo (from whom Eckhardt derives his title), lots 11 through 19 (and 58 through 66).
“ * * * in Square No. 13, which said Square is bounded by Metairie, Harrison and Lake Pontchartrain Avenues and Dumaine Streets * * * ”
On March 15, 1928, Home Builders (as Liberty Realty) sold through Thrift Homestead Association to William J. Childress (defendant in the consolidated case), lots 20 and 21 (and 54 through 57),
“ * * * in Square No. 13, bounded by Metairie Avenue, Lake Pontchartrain Avenue, Dumaine Street, and Harrison Avenue. * * * ”
Conveyance certificates in the names of Home Builders and Liberty Realty showed that at the time of the sales to Uzzo and Childress, it did not appear from the conveyance indices that the subject lots had been sold.
All three of the above descriptions further show the lots to have 25 feet front on Metairie Avenue by a depth of 100 feet, and to have been part of the same property acquired from Columbia Land and Development Company by act before Felix J. Drey-fous, Notary, on July 11, 1914, recorded in conveyance book 34, folio 297. Lots 18, 19 and 20 in both square 12 and square 13 perfectly fit this part of the description; and there is nothing else whatsoever in Roquet’s act of purchase to suggest that the land intended to be conveyed was in one square rather than the other.
No corporeal possession of the land had been had by any party, and there is thus no claim of acquisitive prescription.
The facts in the two consolidated appeals are thus in substance the same.
The description by which Roquet claims to have acquired the property is obviously incorrect, either in giving square “12” for “13”, or in listing “Lake Pontchartrain Avenue” as one of Square 12’s boundaries.[1]
*798 From the authorities cited by the parties, and from our own research, we find that the cases holding- inexact descriptions sufficient deal with two types of descriptions, namely those with an obvious error and those with an incomplete description.
The obvious error cases, we conclude, have dealt with situations where the evidence shows not only that there is an error, but further what the error is. Moreover, the balance of the description has so specified the property as to remove further question.
Thus in the early case of City Bank v. Denham, 7 Rob. 39 (La.1844), “Lot 2 of square 9”, where there was no square 9 at all; the error was thus clearly in “9”, rather than some other part of the description. The balance of the description was such that no other lot but lot 2 of square 5 fit it. The court stated “ * * * The defendant cannot complain that he has been misled by the erroneous description of the lot.” (We further note that defendant there was merely a seizing creditor of the lot’s vendor, rather than one who had purchased in reliance on the absence from public records of any alienation of the property.)
And again, in the latest case we find, Mid-State Homes, Inc. v. Knapp, 156 So.2d 122 (La.App.1963), a description reading “Si/j of SW'14” was said to be obviously wrong in describing “SW'j4” where the balance of the description referred in great detail to land in the SE}4 (more specifically, to the Sl/2 of SWJ4 of SE14). The Court declared:
“We conclude, therefore, that the description contained in the mortgage and sheriff’s deed which plaintiff seeks to reform, although faulty and inaccurate, was sufficient to put intervenor, a third party, on notice as to the exact property which was intended, to be affected by those documents. We also ■conclude that the description contain■ed in the sheriff’s deed, in spite of the inaccuracy hereinabove pointed out, was sufficient to enable anyone examining that document to locate with certainty the property intended to be conveyed by that deed. * * * ” (Emphasis supplied.)
The evidence in this case shows that there is an error, but it is not clear from the description and the plat whether the property sold to Roquet was in square 12 (with an erroneous boundary given) or in square 13 (with an erroneous square number given).
The second category of cases, those holding incomplete (but not otherwise erroneous) descriptions valid, may be exemplified by Roberts v. Bauer, 35 La.Ann. 453 (1883). There a mortgage on property “at the corner of Orleans and Bourbon streets” was held to describe the property sufficiently, where, as far as appears from the opinion, the mortgagor owned only one of the four corners at that intersection and “ * * * In point of fact, the registry of the mortgage proved an effectual notice, for when the Recorder was called on for his certificate of mortgages resting on the property * * * he did not fail to report this mortgage. * * * ”
'Another example is the often-cited case of White v. Ouachita Natural Gas Co., 177 La. 1052, 150 So. 15 (1933). There a description omitted township and range, although it was “patent on the face of the papers” that all of grantor’s land in Oua-chita Parish was intended to be included. Grantor thus owned no other tract fitting the description. The Court repeated the rule that a description is sufficient if it is
“ * * * such as to enable the court to determine with certainty, with the aid of such extrinsic evidence as is admissible under the rules of evidence, what property zvas intended by the parties to be covered thereby. * * * " (Emphasis supplied.)
“Of course where the description in the recorded deed is so misleading that it actually describes accurately some *799 other property than that mortgaged or sold, a purchaser is not only not put on his guard thereby, but is actually put off his guard, and in such case to resort to outside evidence would have the effect not merely of making the description certain, but of actually changing the record; and this cannot be allowed. * * *»
The matter before us now is not a simple omission case, but an error case. Nevertheless the principles summarized by the Court in White have application.
The description involved here describes accurately (insofar as it may be said to describe anything accurately) lots in both square 12 and square 13. The original vendor owned both of those squares, and had acquired them by the same acquisition, and we therefore have no such extrinsic evidence' as was present in the White case. We are not able, from the evidence at the time of the sale to Roquet, “to determine with certainty * * * what property was intended” to be sold to Roquet.
The tax sale cases referred to by the parties are not apposite to an ordinary conventional sale, because LSA-R.S. 47 :- 2184, making a tax sale convey “the entirety of the property intended to be assessed and sold * * * regardless of any error,” is inapplicable to a sale between private parties. The fact that there is a tax sale (of lots assessed to Roquet) in plaintiffs’ chain of title is immaterial here, where the record shows that defendants and their ancestors have regularly paid the taxes on the property assessed to them.
Some of the other questions raised by the parties must be set forth briefly.
Plaintiffs cite the rule that the in-dices are no part of the records for purposes of the recordation requirement of LSA-C.C. art. 2266; and that an erroneous indexing does not affect the validity of the recordation; Agurs v. Belcher & Creswell, 111 La. 378, 35 So. 607 (1903). Piad plaintiffs’ deed contained a sufficient description, and had an error been made by the Clerk of Court in indexing the deed, that rule would' uphold the validity of plaintiffs’ recorded title. Those, however, are not the facts here present, and the rule has no application.
Plaintiffs also cite the principle that “ * * * a general description which manifestly was intended to be a summing up of the intention of the parties” controls, Smith v. Chappell, 177 La. 311, 148 So. 242, 243 (1933); Williams v. James, 188 La. 884, 178 So. 384 (1938). We have no such “summing up” in the description involved here; had our description further specified the property the cited rule would have had application; indeed, we should have had to-conclude that such further specification would have made the description definite and sufficient.
The District Judge held that defendants in both cases had valid title, free of all’ claims of plaintiffs and intervenor. The judgment appealed from in this case is correct and it is therefore affirmed. All costs-of appeal shall be borne by appellants.
Affirmed.

. Although the plan of subdivision in the record shows that Dumaine and Harrison were not cut through between square 12 and the other squares adjoining it, in fact Home Builders (as Liberty Realty) sold lots out of square 12 describing it as bounded by Metairie Avenue, Du-maine and Harrison and by Metairie Nursery. One such sale was made to plaintiffs’ ancestor in title, Roquet.