[L. A. No. 7754. In Bank.—October 17, 1923.]

## DeWITT B. WILLIAMS, Appellant, v. VIRGLE E. EDGE et al., Respondents.

[1] LANDLORD AND TENANT—FARMING LEASE—POSSESSION—CONSTRUCTION.—Under a lease providing that the tenant should pay to the landlord as rental one-fourth of the crops and proceeds derived from farming the land and giving the landlord the right to enter upon the leased premises at any time to make examination of the same and crops and, should he deem it necessary for the protection of his interest in the land or the crops or the rent, to take immediate possession of the leased premises, the landlord's right to possession accrued to him at his pleasure upon his becoming dissatisfied with the tenant's methods, and this was certainly true where there was a reasonable basis for such dissatisfaction.

[2] ID.—ACTION TO RECOVER POSSESSION—NOTICE—DEMAND—WAIVER —EVIDENCE.—In an action brought by the landlord under such a lease upon becoming dissatisfied with the tenant's methods, to secure possession of the leased premises, the landlord should have given notice and demanded possession in order to mature his cause of action for possession, but inasmuch as the defendant contested the landlord's right of possession, the failure to make a demand or give notice was waived.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

Harry W. Horton for Appellant.

Frank Erzinger and E. R. Simon for Respondents.

WILBUR, C. J.—The plaintiff, as landlord, executed a lease to the defendant by which the defendant was to pay as rental one-fourth of the crops and proceeds derived from farming the land. It was agreed that the landlord should maintain certain supervisory powers over the farming operations conducted by the tenant, and that the tenant should observe certain requirements in the lease concerning the irrigation of the alfalfa, etc.

The lease provided that "the party of the first part shall have a lien and charge upon all crops sown, growing or harvested, and all live-stock raised on the premises, to the

amount of $4000.00, four thousand dollars, and party of the first part reserves the right for himself or his agent to enter upon said premises at any time to make examination of the premises and crops, and should he deem it necessary for the protection of his interest in the land or the crops or the rent, to take immediate possession of the leased premises and to mature and harvest the crops for the benefit of both parties, as provided by law in such cases.'' The landlord being dissatisfied with the tenant's methods brought this action to recover possession.

The trial court found all the facts alleged by the plaintiff to be true; that the terms of the lease had not been complied with by the tenant, but denied the plaintiff's prayer to be let into possession.

[1] It is clear that the landlord's right to possession accrued to him at his pleasure upon his becoming dissatisfied, and this was certainly true where there was a reasonable basis for such dissatisfaction. By the terms of the lease both parties were interested in the crops and proceeds of the land, regardless of where the title thereto laid, although be it said the lease provided that the landlord had a lien thereon for four thousand dollars.

[2] No doubt the landlord should have given notice and demanded possession in order to mature his cause of action for possession (Tiffany on Landlord and Tenant, p. 81, sec. 12, subd. 4), but the plaintiff does not rely upon the statute permitting an action for unlawful detainer with its accompanying penalties and, inasmuch as the defendant contested and now contests plaintiff's right of possession, the failure to make a demand or give notice was waived.

The plaintiff was entitled to the possession of the premises under the terms of the lease and upon the facts found by the court, and the judgment should have given him such possession subject to the rights of the parties to the crops under the terms of the lease.

Judgment reversed, and the trial court is directed to enter a judgment for plaintiff in accordance herewith.

Kerrigan, J., Richards, J., *pro tem.*, Waste, J., Seawell, J., Lawlor, J., and Conrey, J., *pro tem.*, concurred.

Rehearing denied.

All the Justices concurred.