[S. F. No. 13053. In Bank.—July 22, 1929.]

CALHOMA OIL CORPORATION (a Corporation) et al., Appellants, v. JAMES E. CONNIFF et al., Respondents.

Gilman & Harnden for Appellants.

Collins & Roan for Respondents.

WASTE, C. J.—The plaintiff corporation instituted this action to permanently enjoin and restrain the defendants from interfering with its asserted endeavor to continue drilling operations on a tract of land situate in Alameda County, which

tract by written lease bearing date March 19, 1925, had been demised to it for a term of five years by the defendants. The lessors, by way of affirmative defense, alleged in their answer that the lessee had violated a provision of the lease requiring continuous drilling, which violation, it was alleged, caused the lessors, on September 29, 1926, to serve the lessee with written notice of cancellation of the lease. The court below, on sufficient evidence, found the allegations of the affirmative defense to be true, and entered judgment denying the injunctive relief prayed for by the plaintiff. It also declared plaintiff's lease forfeited because of breach of covenant, and ordered restitution of the premises to the lessors. Plaintiff appealed.

As a first contention appellant urges that the notice of forfeiture served by the lessors was insufficient and defective, and failed to work a forfeiture of the lease and leasehold estate, for the reason that such notice did not comply with the provisions of section 1161 of the Code of Civil Procedure in that it did not demand possession of the demised premises. Two notices were served on the lessee in this case. Two months before giving the final notice, the owners served a preliminary notice or demand, viz.: "This is to notify you and each of you that the lessors under said lease expect to and do rely upon the strict terms and provisions of this lease and unless the lessee, Calhoma Oil Corporation, strictly complies with its part thereof, that said lessors will take such legal action as may be necessary to terminate said lease and the right of said lessee thereunder." Appellant contended upon the trial, and the point is reiterated upon the appeal, that this constituted a waiver of all past breaches of the covenant of the lease requiring continuous drilling so as to render inadmissible any and all evidence of such prior violations. We do not so interpret the notice. Rather than constituting a waiver of any of their rights under the lease, the notice served to inform the appellant that the lessors stood upon its strict terms and provisions.

The final notice, given immediately preceding the filing by the owners of a suit to quiet title against the lessee, after quoting the continuous drilling clause of the lease, reads: "Ever since the drilling was commenced you have failed to comply with said provision. We therefore wish to

advise you that we have declared and do hereby declare said lease forfeited and hereby notify you that you have no further interest under said lease or in or to said property." If this were a summary proceeding for obtaining possession of real property under section 1159 et seq. of the Code of Civil Procedure, there might be some merit in the contention of the appellant that it had not been served with a sufficient notice and demand of possession to entitle the respondents to proceed. ■ We are not prepared to say that insufficient notice was given; but this is not such a proceeding, and a strict and rigid compliance with those sections of the code is not required where the lessors are not directly proceeding under the statute permitting an action for unlawful detainer, with its accompanying penalties. (*Williams* v. *Edge*, 192 Cal. 254, 255 [219 Pac. 747].) Neither does the three-day period prescribed in section 1161, *supra*, offer an obstacle to the relief herein sought by and granted to the lessors. ■ The fact that the lessors instituted a quiet title action within one day after service of the notice canceling and forfeiting the lease cannot avail the appellant, for the judgment of forfeiture now complained of was entered in this action—a separate and distinct proceeding—commenced by the lessee itself several weeks subsequent to the service of the notice of forfeiture. ■ Assuming, only, that the owners of the land should have given some other or further notice, the lessee has all along contested, and now contests, the right of the lessors to claim possession. Therefore, any defect in or failure of demand or notice may be regarded as having been waived by the appellant. (*Williams* v. *Edge, supra.*)

■ The court below did not err, as urged by the appellant, in refusing to permit it to dismiss this action. The answer of the respondents asked for such affirmative relief as, under the provisions of section 581 of the Code of Civil Procedure, would preclude a dismissal by the plaintiff and appellant without the respondents' consent. The appellant, by its complaint, sought to enjoin interference with its drilling operations, while the respondents, by their answer, asked for cancellation of the lease under which appellant claims, and for restitution of the demised premises.

■ The finding, "That the actual drilling on said well was commenced on October 1, 1925, and that said drilling

was not continuous, as provided for in said lease; and that there were many delays during which times no drilling or work was done on said well, and that during said time when no work was being done on said well it was not occasioned from unavoidable delays, nor from causes commonly known as the acts of God. That plaintiff, Calhoma Oil Corporation, made no effort to drill said well, as in said lease provided, or to a depth to ascertain if oil could be produced, . . . " finds ample support in the record. What we have already said sufficiently disposes of the remaining contentions urged by the appellant.

The judgment is affirmed.

Curtis, J., Preston, J., Seawell, J., Langdon, J., and Richards, J., concurred.