[Civ. No. 2993.   Fourth Dist.   Feb. 16, 1943.]

MARGARET PHILPOTT, Plaintiff, v. THERESA ROBIN-
SON, as Executrix, etc., et al., Appellants; BEATRICE
FRIEDMAN, Defendant and Respondent.

W. L. Pollard, in pro. per., and H. E. Gleason for Appel-
lants.

John M. Coudures and Alva D. McGuire for Respondent.

BARNARD, P. J.—This is an action to quiet title.   The
defendant Friedman filed an answer asserting an interest in
the property adverse and superior to that of the plaintiff.
W. L. Pollard and Anna M. Glass, who were served as John
Doe One and Jane Doe One, respectively, filed answers in
which it was alleged that Pollard was trustee and Anna M.
Glass was beneficiary under a deed of trust covering the prop-
erty in question which was executed by the plaintiff and on
which $1,120, with certain interest, remained unpaid.   Each
of these answers prayed that the rights of these defendants
should be protected, and that any decree awarding title
should be made subject to the unpaid balance on this trust
deed.

At the trial of the action, over the objection of the defen-
dants W. L. Pollard and Anna M. Glass, the court granted
the plaintiff's motion to dismiss the action as to those defen-

dants and the other fictitious defendants. In accordance with a stipulation between the plaintiff and the defendant Friedman, a judgment was entered quieting title to the property in the defendant Friedman and enjoining the plaintiff and all persons claiming under her from asserting any interest in or claiming any lien upon the real property or any part thereof. From this judgment the defendants Pollard and Glass have appealed.

The appellants contend that that portion of the judgment which enjoins all persons claiming under the plaintiff from asserting any rights in or lien upon said real property adversely affects their rights under the trust deed and divests them of these rights without their having had any opportunity to be heard. It is further argued that the trial court had no right to dismiss the case as to these defendants, over their objection, since they asked for affirmative relief. This contention has considerable merit. (§ 581, Code Civ. Proc.; *Calhoma Oil Corp.* v. *Conniff*, 207 Cal. 648 [279 P. 771]; *Swanson* v. *Siem*, 7 Cal. 2d 267 [60 P.2d 281].)

On the other hand, the respondent expressly concedes that this trust deed is still as fully effective as if this action had never been instituted, and argues that the result achieved by the judgment is exactly the same as it would have been had the action not been dismissed as to the appellants. While the trial court erred in dismissing the action as to these appellants the respondent's concession makes it unnecessary to reverse the judgment. Any doubt or uncertainty as to the effect of the judgment can be cleared up by amending and modifying the judgment without the necessity of a retrial of the action.

A portion of the second paragraph of the judgment is amended and modified by inserting therein an exception so that as modified the same shall read: "that the claim of plaintiff Margaret Philpott, and all who claim title under her in and to said real property, with the exception of W. L. Pollard and Theresa Robinson, as executrix of the Last Will and Testament of Anna M. Glass, Deceased, are without right whatever, and that said plaintiff has no right, title, interest, claim or estate whatsoever in or upon said real property, or any part thereof, and said plaintiff, and all persons claiming under her, except W. L. Pollard and Theresa Robinson, as such executrix, are hereby enjoined and debarred from claiming or asserting any estate, right, title, interest in, or claim

or lien upon said real property, or any part thereof." As so modified, the judgment is affirmed, the appellants, however, to recover their costs.

Marks, J., and Griffin, J., concurred.