[Civ. No. 17783. Second Dist., Div. Two. Nov. 1, 1950.]

ETHEL B. ALEXANDER, Respondent, v. H. P. OATES et al., Appellants.

Arthur C. Miller and Lee A. Solomon for Appellants.

Arthur H. Blanchard, Robert E. Fredrich, Sheppard, Mullin, Richter & Balthis, Gordon F. Hampton and E. Talbot Callister for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in an action for declaratory relief and to quiet title to property, defendants appeal.

*Facts:* July 1, 1945, plaintiff executed an oil and gas lease in favor of defendant H. P. Oates as lessee. The lease contained among other provisions the following:

"5. Commencing with the Sept. 1st, 1945, of the term hereof, if the Lessee has not theretofore commenced drilling operations on said land or terminated this lease as herein provided, the Lessee shall pay or tender to the Lessor semi-annually in advance, as rental, the sum of One ($1.00) Dollars per acre per year for the 1st 18 mo. and 2.00 per acre per yr. *for the bal. of 3-yr. period* for so much of said land as may then still be held under this lease, *until drilling operations*

*are commenced or this lease terminated as herein provided.*

"6. The Lessee agrees to commence drilling operations on said land within three (3) years from the date hereof (unless the Lessee has sooner commenced the drilling of an offset well on said land as herein provided) and to prosecute the same with reasonable diligence until oil or gas is found in paying quantities, or to a depth at which further drilling would, in the judgment of the Lessee, be unprofitable; or it may at any time within said period terminate this lease and surrender said land as hereinafter provided. No implied covenant shall be read into this lease requiring the Lessee to drill or to continue drilling on said land, or fixing the measure of diligence therefor. *The Lessee may elect not to commence or prosecute the drilling of a well on said land as above provided, and thereupon this lease shall terminate."* (Italics added.)

"21. Upon the violation of any of the terms or conditions of this lease by the Lessee and the failure to begin to remedy the same within 90 days after written notice from the Lessor so to do, then, at the option of the Lessor, this lease shall forthwith cease and terminate, and all rights of the Lessee in and to said land be at an end, save and excepting Twenty (20) acres surrounding each well producing or being drilled and in respect to which Lessee shall not be in default, and saving and excepting rights-of-way necessary for Lessee's operations, provided, however, that the Lessee may at any time after such default, and upon payment of the sum of One (1.00) Dollar to the Lessor as and for fixed and liquidated damages quitclaim to the Lessor all of the right, title and interest of Lessee in and to the leased lands in respect to which it has made default, and thereupon all rights and obligations of the parties hereto one to the other shall thereupon cease and terminate as to the premises quitclaimed."

No drilling operations were ever commenced within the three-year period prescribed in the lease. The foregoing provisions of the lease are unequivocal. The intention of the parties as expressed by their lease was that upon the lessee's failure to drill within the required time the lease should terminate. Therefore since the lessee failed to commence drilling operations within the time prescribed by the lease it terminated by its terms on June 30, 1948. (See *John* v. *Elberta Oil Co.,* 124 Cal.App. 744, 747 et seq. [13 P.2d 538].)

There is no merit in defendants' contention that under paragraph 21 of the lease quoted above plaintiff was required to give 90 days' written notice to the lessee before terminating

the lease. Paragraph 21 was applicable to the lessee's failure to perform other conditions as provided in the lease, and consistent with the provision in paragraph 6, to the effect that if drilling were not commenced within the time prescribed in the lease it should terminate. Under similar provisions in an oil and gas lease it was held in *Carlisle* v. *Lady*, 109 Cal.App. 567, 573 [293 P. 686], that provision for notice before a forfeiture of a lease referred to covenants to be performed by the lessee and were not applicable to a clause providing that drilling must be commenced before a certain date or the lease should terminate. (See also *Wilcox* v. *West*, 45 Cal.App.2d 267, 270 et seq. [114 P.2d 39] ; *Stetson* v. *Orland Oil Syndicate, Ltd.*, 42 Cal.App.2d 139, 142 et seq. [108 P.2d 463].)

*Scheel* v. *Harr*, 27 Cal.App.2d 345 [80 P.2d 1035], *Sandrini* v. *Branch*, 32 Cal.App.2d 707 [90 P.2d 593], and *Welport Oil Co.* v. *Fairfield*, 51 Cal.App.2d 533 [125 P.2d 97], relied on by defendants, are not here applicable because in each of the cited cases drilling operations were actually commenced within the time prescribed in the lease. In the instant case such was not the fact.

In view of the fact that the lease had terminated by its terms it is unnecessary to consider whether the evidence sustains the trial court's finding that defendant had abandoned the lease. Also the trial court properly excluded evidence of a tender of rentals which was made subsequent to the date the lease by its terms had terminated. Clearly such evidence was immaterial.

Affirmed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied November 16, 1950, and appellants' petition for a hearing by the Supreme Court was denied December 26, 1950.