[Civ. No. 18205.   Second Dist., Div. Two.   Apr. 19, 1951.]

RICHFIELD OIL CORPORATION (a Corporation) et al., Respondents, v. HENRY F. BLOOMFIELD, JR., et al., Appellants.

Kornblum & Austrian and Grayce M. Smith for Appellants.

Jack E. Woods and William D. Foote for Respondents.

MOORE, P. J.—Defendants appeal from a decree quieting title, adjudging respondent Mary J. Connor to be the owner in fee simple of the acres described in the complaint, situate in Santa Barbara County, and Richfield Oil Corporation to

be the owner of ''the sole and exclusive estate in and to said real property . . . to explore for and extract therefrom oil, gas and other hydrocarbon substances''; and appellants to have no right or interest whatsoever in the land.

In January, 1948, Mrs. Connor executed and delivered to Richfield the oil and gas lease which has not been cancelled but still subsists. Appellants' claim of an interest in the property arises from a previous 20-year lease executed by Mrs. Connor and her husband in 1937 to one Miggins, assignor of appellants. The Miggins lease contained two provisions which are important to an understanding of the issues. Paragraph 5 provided as follows:

''If operations for the drilling of a well for oil or gas be not commenced on said land on or before one year from this date, this lease shall terminate as to both parties, unless the Lessee shall, on or before one year from this date, pay or tender to the Lessor . . . the sum of Ten Cents per acre per year, which shall operate as rental and cover the privilege of deferring the commencement of drilling operations for a period of twelve months.''

Paragraph 18 is as follows:

''Upon the violation of any of the terms or conditions of this lease by the lessee and the failure to remedy the same within sixty days after written notice from the lessor so to do, then at the option of the lessor this lease shall forthwith cease and terminate.''

Appellants never commenced drilling operations; neither had they paid or tendered any rentals prior to the commencement of this action. The lessor has never given appellants any notice of default under the lease.

The question thus presented for decision is whether appellants' failure to commence drilling operations within one year or to pay the rentals provided for has resulted in an automatic termination of the Miggins lease, or whether, as appellants contend, no termination resulted by reason of the lessor's having failed to serve notice of default.

The lease involved is of that variety known to the industry and to legalistic authors as the ''unless'' type, as distinguished from the ''drill or pay'' type. (See 13 So.Cal.L.Rev. 393, 402-06.) Under a lease of the latter category the lessee covenants to commence drilling operations or perform the alternative obligation to pay rent.     Under that type of lease a notice of default is indispensable when the writing contains a provision requiring notice to be given of default on the part

of the lessee to drill or pay the stipulated rent and the lessor may by action enforce the payment of rent. ▮ Conversely, under the "unless" lease, no such suit may be maintained. ▮ Failure to drill or pay the rent under that type of lease is merely a condition precedent whose occurrence unceremoniously terminates all rights of the lessee. ▮ But the latter's refusal either to drill or pay does not give rise to a cause of action against him. From the nature of the "unless" type of lease, it carries within its own phraseology an automatic termination which clicks when the lessee fails to commence drilling operations within the time specified and also fails to exercise his privilege of paying delay rentals in advance. (*Wilcox* v. *West*, 45 Cal.App.2d 267, 270 [114 P.2d 39]; Summers, Oil and Gas, vol. 3, § 469, p. 163.)

▮ This is the rule even though the lease has a provision requiring notice of default to be given the lessee upon his breach of any term in the agreement. In the recent case of *Alexander* v. *Oates*, 100 Cal.App.2d 266 [223 P.2d 264], where the lease provisions were similar to those involved herein, it was pointed out that the covenant requiring written notice of default applied only to the lessee's failure to perform other conditions in the lease and that such notice clause was not inconsistent with a provision for automatic termination, citing *Carlisle* v. *Lady*, 109 Cal.App. 567 [293 P. 686]. In the latter decision a similar notice clause was held to refer to covenants to be performed by the lessee and not to a provision that drilling was to be commenced within a set period under penalty of termination. (See *Stetson* v. *Orland Oil Syndicate, Ltd.*, 42 Cal.App.2d 139, 142 [108 P.2d 463].)

▮ It should be observed that this rule of automatic termination is correct not only as a matter of proper and reasonable interpretation of the lease agreements but is based on sound considerations of policy as well. The duty to drill and explore the property, where no substantial cash consideration is involved, should be treated not as a mere covenant but as a condition to the lease's continued existence for the reason that practically the entire consideration depends on the undertaking. Certainly, the lessee should not be assisted and encouraged to hold the lease for speculative purposes only without making any attempt to develop the property's possible resources. (See *Caswell* v. *Gardner*, 12 Cal.App.2d 597, 601 [55 P.2d 1222].)

Appellants rely almost entirely on *Scheel* v. *Harr*, 27 Cal. App.2d 345 [80 P.2d 1035], where similar oil and gas lease

provisions were involved, but the court refused to hold that the lease had terminated in the absence of notice of default by the lessor. However, in that decision drilling operations were actually commenced within the limited time prescribed in the lease. Moreover, the same limitation clause provided for "drilling . . . with due diligence and dispatch. . . ." This latter phrase was viewed as a continuing covenant and separated from the condition of commencement of operations.

In view of the unavoidable conclusion that the lease has terminated by its own provisions it will not be necessary to discuss the trial court's finding and conclusion that the lease also terminated by reason of appellants' abandonment of their interest under the lease.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.