VELMA WALSTON, Appellant, v. FLINTRIDGE OIL
COMPANY et al., Respondents.

Leonard C. Hall, Jr., for Appellant.

Marvin A. Freeman and John E. Lund for Respondents.

BARNARD, P. J.—This is an action to recover rent claimed
to be due under an oil lease.

On December 21, 1953, the plaintiff as owner, and the de-

fendants as lessee, executed an oil and gas lease which provided, so far as material here, the following:

"*Section 5*. . . . 'Commencing with the 60th day of the term hereof, if the Lessee has not theretofore commenced drilling operations on said land or terminated this lease as herein provided, the lessee shall pay or tender to the lessor in advance, as rental, the sum of Twenty five ($25.00) Dollars per acre per month for so much of said land as may then still be held under this lease, until drilling operations are commenced or this lease terminated as herein provided.'

"*Section 6*. . . . 'The Lessee agrees to commence drilling operations on said land within sixty days from the date hereof (unless the lessee has sooner commenced the drilling of an offset well on said land as herein provided) and to prosecute the same with reasonable diligence until oil or gas is found in paying quantities, or to a depth at which further drilling would, in the judgment of the Lessee, be unprofitable; or it may at any time within said period terminate this lease and surrender said land as hereinafter provided. No implied covenant shall be read into this lease requiring the Lessee to drill or to continue drilling on said land, or fixing the measure of diligence therefor. The Lessee may elect not to commence or prosecute the drilling of a well on said land as above provided, and thereupon this lease shall terminate.'

"*Section 26*. . . . 'On the expiration or sooner termination of this lease, Lessee shall quietly and peaceably surrender possession of the premises to Lessor and deliver to him a good and sufficient quitclaim deed, and so far as practicable cover all sump holes and excavations made by Lessee.' "

This action was brought on June 26, 1954. The complaint set forth a copy of the lease and alleged its execution; that it provided that if drilling was not commenced within 60 days the lessee would pay to the lessor $25 per acre per month in advance as and for rental of said property during the term of the lease; that "thereafter" the defendants entered into possession of the premises and such possession continued to on or about May 25, 1954; that during the term of the lease the defendants neither drilled nor attempted to drill any oil wells upon the premises; that they made no payment or tender of payment of rent in accordance with the terms of the lease; that four monthly payments of $1,000 each became due as rental; and that the defendants have refused to pay these amounts. Judgment for $4,000 was prayed for. The defendants filed a demurrer, which was sustained by the

court with permission to amend within 15 days. No amendment was filed, and the defendants moved for a dismissal of the action. The court entered an order granting this motion and dismissing the action, and the plaintiff has appealed from that order.

The sole contention raised by the appellant is that this lease is of the "drill or pay" type and that consequently the lessee is liable for delay rental. The respondents contend that the lease is of the "unless" type and that they are not liable for the payment of any such rent.

The language of the lease here in question, so far as material here, is substantially identical with the language of the leases involved in *Alexander* v. *Oates,* 100 Cal.App.2d 266 [223 P.2d 264] and *Norris Oil Co.* v. *von Glahn,* 104 Cal.App.2d 159 [230 P.2d 885]. In each of those cases it was held that the lease involved was one of the "unless" type and that the failure to commence drilling operations within the time limit or to pay the rentals provided for resulted, under the terms of the lease, in an automatic termination of the lease. See also *Wilcox* v. *West,* 45 .Cal.App.2d 267 [114 P.2d 39] and *Richfield Oil Corp.* v. *Bloomfield,* 103 Cal.App.2d 589 [229 P.2d 838].

The appellant, while conceding that if this lease is of the "unless" type there is no liability on the lessee for rent, contends that the cases above cited are not controlling. It is argued that in each of those cases the action was brought by the lessor to quiet title and not for delay rental; that the lessor had the option to either declare a forfeiture or to sue for delay rental; and that the result in each of those cases did not depend upon whether the lease involved was of the "unless" or "drill or pay" type. Regardless of the form of the action, it was held in the first two of those cases that leases identical with the lease here involved, in material effect, created an automatic termination of the lease upon the failure to drill or pay the rent. The terms of this lease support the same conclusion.

The main difference between the "drill or pay" type of lease and the "unless" type, so far as material here, is that the former contains terms requiring the payment of rent when drilling operations are not commenced within the time specified, while the latter contains terms providing for a termination of the lease when the lessee fails to drill within the time limit and also fails, as an alternative, to pay delay rentals.

The provision in section 5 of this lease for the payment

of rent in advance on the 60th day does not create a definite obligation to pay such rental until drilling is started, but makes such payment subject to the right to terminate the lease. Section 6 then contains two provisions whereby the lease may be terminated. The first, after providing for the start of drilling operations and a diligent prosecution of the same for a certain period, provides that the lessee may at any time during said drilling operations terminate the lease and surrender the land, and that no requirement that the lessee must drill or continue to drill shall be implied. The second, clearly applying where no drilling operations are started, provides that the lessee may elect not to drill "and thereupon this lease shall terminate." Nothing is said in that provision about surrendering the land, and no real possession would ordinarily be involved. Instead of creating an obligation to pay rent if no drilling is done within a certain time, this lease permits the lessee to elect not to drill, with no limitations on the right of election. It is not even required that he give notice of such election.

The complaint as filed was insufficient. No facts were alleged as to when or how the respondents took possession, and none to the effect that the payment terms of the lease were still in force. The lease alone was not sufficient to establish the obligation to pay rent. The respondents had a right to elect not to drill, thereby terminating the lease including all of its provisions. If any facts existed which would show that the respondents had not exercised that right, and that the lease was still in force, such facts could have been set forth in an amended complaint, which the appellant failed to do. Likewise, if the respondents had caused any damage by failing to deliver a quitclaim deed, a cause of action for such damage might have been, but was not, alleged. This lease being one of the "unless" type, the court was justified in sustaining a demurrer to the complaint as it then stood.

The order or judgment of dismissal is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied July 7, 1955, and appellant's petition for a hearing by the Supreme Court was denied August 11, 1955.