[Civ. No. 22182.   Second Dist., Div. One.   June 17, 1957.]

CLYDE FRITSCH et al., Appellants, v. ARTHUR C. FISHER, Respondent.

Morrison, Foerster, Holloway, Shuman & Clark and Alfred L. Gibson for Appellants.

Arthur C. Fisher, in pro. per., and John C. Campbell for Respondent.

DORAN, J.—The action herein was instituted by appellants, husband and wife, for delay rentals under an oil and gas lease, after respondent lessee had failed to drill on the leased land and had refused to pay delay rental. The case was submitted upon a statement of agreed facts and resulted in a judgment for the respondent.

The appellants, owners of certain land in Monterey County, executed an oil and gas lease to the defendant on July 22, 1952, covering a five-year period. It is conceded that the defendant never commenced any drilling operations and had never paid any rental. The lease was never recorded and there had been no quit claim by the defendant although the defendant offered to execute such a deed.

The principal contention raised by the plaintiffs (appellants), quoting from the written opinion of the trial court, "is that this lease is of the 'pay or drill' type and consequently the lessee is liable for delayed rental. The defendant contends that the lease is of the 'unless' type and that he is not liable for the payment of any such rent."

Attached to and forming a part of the statement of agreed facts are several letters which passed between the parties, which, as stated by the trial court, "are received for the purpose of showing the surrounding circumstances, but not to vary the terms of the written instrument." A letter from respondent, dated June 24, 1952, prior to the signing of the lease on July 22, 1952, "pointed out that there were two problems which must be solved before any exploratory well could be seriously considered: first, to obtain leases from other

land owners, and second, obtain assignments from about two hundred government leases. It was pointed out that if leasing could be completed that the defendant would like to see the test well drilled during that year.''

On July 11, 1952, the defendant wrote the plaintiffs, ''that he could not tell where the test well would be drilled if one was drilled, but as soon as sufficient leases were obtained . . . geologists would be sent to the area. On September 11, 1952, the plaintiffs . . . stated that they had not received the initial down payment for the first year in advance in lieu of drilling. The defendant replied that the first year's payment under all the leases was to become due one year from the date of the lease.

On August 31, 1953, the plaintiff called the defendant's attention to the letter of September 16, 1952, and stated that the payment due on July 22, 1953, was past due and payable. On September 1, 1953, the defendant replied that there had not been sufficient cooperation of a number of owners to warrant drilling a test well; that the lease was never recorded and that if the plaintiffs wished a quit claim deed it would be promptly furnished them.'' This letter concluded with the defendant's statement, ''I shall await further word from you.''

The lease in question was on a printed form and, as found by the trial court, ''does not contain any provision requiring the payment of rental by defendant to plaintiff for the year July 22, 1952 to July 22, 1953.'' The language of the instant lease ''is substantially identical with the leases involved in the cases of *Walston* v. *Flintridge Oil Co.*, 133 Cal. App.2d 660 [284 P.2d 895]; *Alexander* v. *Oates*, 100 Cal.App. 2d 266 [223 P.2d 264]; *Norris Oil Co.* v. *von Glahn*, 104 Cal. App.2d 159 [230 P.2d 885]; *Wilcox* v. *West*, 45 Cal.App.2d 267 [114 P.2d 39]; and *Richfield Oil Corp.* v. *Bloomfield*, 103 Cal.App.2d 589 [229 P.2d 838]. The lease attached as Exhibit 'A' to the written Stipulation of Facts was and is an 'unless' type of lease.''

As stated in *Walston* v. *Flintridge Oil Co.*, 133 Cal. App.2d 660, 662 [284 P.2d 895], ''The main difference between the 'drill or pay' type of lease and the 'unless' type, so far as material here, is that the former contains terms requiring the payment of rent when drilling operations are not commenced within the time specified, while the latter contains terms providing for a termination of the lease when the lessee

fails to drill within the time limit and also fails, as an alternative, to pay delay rentals."

▉ Nowhere in the present lease is to be found any express provision, typical of the "drill or pay" type of lease, obligating the lessee to "pay or tender to the Lessor," any stipulated sum as rental "for so much of said land as may then still be held under this lease, until drilling operations are commenced or this lease terminated as herein provided." (Summers Oil and Gas, vol. 7, Forms, p. 35.)

Moreover, the lease in question provides that the "Lessee *may* extend the time for drilling operations," etc. (Italics added.) "by paying to Lessor annually in advance, as rental in lieu of drilling $5.00 per acre until drilling operations are commenced or this lease is terminated." And, as said in the respondent's brief, "The uncontradicted evidence therefore shows that appellants were informed at the commencement of negotiations that the lease would only be utilized in the event that respondent obtained leases from the fee owners whose lands adjoined and . . . assignments or operating agreements from about 200 government lessees." The respondent never obtained such leases.

▉ In ascertaining the real meaning of the lease terms, the trial court was justified in applying the rule expressed in section 1647 of the Civil Code which provides that "A contract may be explained by reference to the circumstances under which it was made, and the matter to which it relates." Section 1860 of the Code of Civil Procedure likewise provides that "For the proper construction of an instrument, the circumstances under which it was made, . . . may also be shown, so that the judge may be placed in the position of those whose language he is to interpret."

All of the appellant's contentions must be deemed untenable. The decision reached by the trial court is amply supported by both law and evidence, and the record discloses no reversible error.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.